# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
    *Plaintiff,*

**v.**                            Case No. **09-10100-01 MLB**

**ROBERT CAMERON FOUST,**
    *Defendant.*

## MEMORANDUM AND ORDER ON MOTION TO VACATE

On August 26, 2009 an Indictment was entered against defendant Robert Cameron Foust charging him with four counts: (1) Hobbs Act robbery in violation of 18 U.S.C. § 1951; (2) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a); and (4) possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and §924(a)(2). (Dkt. 16). Mr. Foust entered a plea of guilty under Fed. R. Crim. P. 11(c)(1)(C) to counts 1, 2, and 3 of the Indictment on December 8, 2009. (Dkt. 44). The parties to the Plea Agreement jointly recommended to the court a prison sentence of 32 years, or 384 months, as an appropriate disposition of the case. (Dkt. 44, p.4-5). Mr. Foust was sentenced pursuant to the terms of the Plea Agreement on March 2, 2010 to a term of 150 months in custody on count 1, 84 consecutive months in custody on count 2, and 150 consecutive months in custody on count 3 for a total term of 384 months. (Dkt. 49).

Subsequent to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Foust filed a petition (Dkt. 53) pursuant to 28 U.S.C. § 2255 asking the Court to vacate: (1) his conviction for brandishing a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c), and (2) his Armed Career Criminal sentence enhancement pursuant to 18 U.S.C. § 924(e). (Dkt. 53). The court stayed Mr. Foust's petition at the parties' request, as the appellate courts were expected to issue a ruling dispositive of the issues in the petition. (Dkt. 57.)[1]

The Supreme Court decided *United States v. Davis* on June 24, 2019. 139 S.Ct. 2319 (2019). The parties agree, and the Court concurs, that controlling authority now exists which directs the disposition as to both claims of Mr. Foust's petition.

Mr. Foust's first claim, that his § 924(c) conviction for brandishing a firearm during the commission of a crime of violence is constitutionally infirm, is DENIED. Mr. Foust asserts that his § 924(c) conviction is invalid because it is parasitic upon his conviction for Hobbs Act robbery (*see* 18 U.S.C. § 1951) which does not qualify as a crime of violence under either § 924(c)(3)(A)'s "force" or "elements" clause or § 924(c)(3)(B)'s "residual" clause. *Davis* struck down the residual clause of § 924(c)(3)(B) as unconstitutionally vague. 139 S.Ct. at 2336. Precedent decided subsequent to Mr. Foust's petition, however, makes clear that a Hobbs Act robbery conviction requires proof that the defendant used, attempted to use, or threatened to

---

[1] In part, the parties relied on a number of abated Tenth Circuit cases considering second or successive petitions. Dkt. 57 at 2-3. Those cases remain abated, but subsequent and controlling Supreme Court authority permits the Court to resolve Mr. Foust's petition.

use physical force. *See* § 924(c)(3)(A); *see also United States v. Harris*, 761 Fed.Appx. 852 (10th Cir. 2019) (Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018) (same); *United States v. Jefferson*, 911 F.3d 1290, 1296-99 (10th Cir. 2018) same); *Stokeling v. United States*, 139 S.Ct. 544 (2019) (finding a Florida robbery statute very similar to Hobbs Act robbery requires proof the defendant used physical force). Because the *Davis* decision left the force clause of § 924(c)(3)(A) intact, and because Hobbs Act robbery is a crime of violence pursuant to that clause, Mr. Foust's conviction for brandishing a firearm in furtherance of Hobbs Act robbery (a crime of violence), was constitutionally proper.

The second argument advanced by Mr. Foust contends that the Armed Career Criminal Act (ACCA) sentence enhancement under 18 U.S.C. § 924(e) was improperly applied to his Count 3 conviction for felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a). Section 924(e) indicates:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. §924(e)(1). The ACCA enhancement was applied to Mr. Foust's Count 3 conviction pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. The predicate offenses for the enhancement were three convictions for third-degree burglary under Alabama law. (*See* Dkt. 47, PSR, ¶ 67, 86, 98, 99). The government agrees with Mr. Foust's

3

position that the sentencing enhancement was improperly applied in the wake of *Johnson*.[2]

Before *Johnson*, a state law burglary conviction could qualify as a crime of violence in two ways. First, a defendant's sentence could be enhanced under 18 U.S.C. § 924(e)(2)(B)(i) if he "was convicted of a crime having 'the basic elements' of generic burglary—i.e., unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Second, even where the defendant had been convicted of a burglary that did not meet the elements of the generic offense, an enhancement was available under the residual clause of § 924(e)(2)(B)(ii), because "'by its nature,' burglary 'involves a substantial risk that the burglar will use force against a victim in completing the crime.'" *United States v. Maldonado*, 696 F.3d 1095, 1100 (10th Cir. 2012) (*quoting Leocal v. Ashcroft*, 543 U.S. 1, 10, 125 S. Ct. 377, 160 L.Ed.2d 271 (2004)) (*abrogated by United States v. Copeland*, 921 F.3d 1233, 1250-51 (10th Cir. 2019) (noting that court's prior reliance upon the residual clause to enhance a sentence was error under the *Johnson* decision)).

The Tenth Circuit's rule that non-generic burglary qualified as a crime of violence under the residual clause was based on the Supreme Court's decision in *James v. United States*, 550 U.S. 192 (2007). *James* held that attempted burglary, though it did not meet the generic definition of the crime, qualified as a violent felony

---

[2] In *Welch v. United States*, 136 S.Ct. 1257, 1264-65 (2016), the United States Supreme Court held that its decision in *Johnson* had announced a new substantive, rather than procedural, rule, and that *Johnson* was therefore retroactively applicable to cases on collateral review.

4

because it created a substantial risk of the use of force. *Id.* at 208; *see also Maldonado* at 1101 (relying on *James* to conclude that non-generic California burglary was a violent felony under the residual clause). In the process of excising the residual clause, the United States Supreme Court's decision in *Johnson* overruled *James*. *See Johnson,* 135 S.Ct. at 2563. Subsequent to the *Johnson* decision, then, non-generic burglaries which qualified as § 924(e) predicates only under the residual clause of § 924(e)(2)(B)(ii) can no longer support an ACCA enhancement.

The parties agree, and the court concurs, that Mr. Foust's prior Alabama third-degree burglary convictions do not fit the generic definition of burglary that would qualify them as predicates under the ACCA.[3] *See United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014) ("the statute is non-generic and indivisible, which means that a conviction under Alabama Code § 13A–7–7 cannot qualify as generic burglary under the ACCA."); *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014) ("treating the use of Alabama convictions for third degree burglary as violent felonies for ACCA purposes is plain error"). It follows that Mr. Foust's prior Alabama burglary convictions would qualify as ACCA predicates only under the unconstitutional § 924(e) residual clause. Consequently, in the wake of the *Johnson* decision, the ACCA

---

[3] The "generic definition" of burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143 (1990) (cited by *U.S. v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014)). Section 13-A-7-7(a) of the Alabama Code indicates that "a person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." The Eleventh Circuit noted that although that definition appeared to fit the "generic definition," the specific definition of the term "building" under Alabama law included a number of things, such as vehicles and watercraft, that did not fall within the generic definition of "building or other structure." Consequently, the Eleventh Circuit determined the burglary statute to be non-generic. *See Howard*, 742 F.3d at 1348.

5

enhancement was improperly applied to Mr. Foust's Count 3 conviction. Mr. Foust's petition, as to his second argument, is GRANTED.

The parties have jointly requested that the Court re-sentence Mr. Foust to 285 months. The original sentence in this case of 384 months was the result of a binding plea agreement. (*See* Dkt. 44). The court's sentence for Counts 1 and 2 remains unaffected.

```
AO 245B (Rev. 06/05) Judgment in a Criminal Case---Imprisonment
DEFENDANT:        ROBERT CAMERON FOUST                    Judgment - Page 2 of 6
CASE NUMBER:      6:09CR10100-01

                           IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
384 months .

    Count 1: 150 months,
    Count 2: 84 months, to run consecutive to Count 1,
    Count 3: 150 months, to run consecutive to Counts 1 and 2.
```

As to Count 3, the parties agree that removing the unconstitutional ACCA enhancement would result in a new base offense level of 14. *See* USSG § 2K2.1(a)(4). But, because the sentencing guidelines group Count 1 with Count 3, (*see* Dkt. 47, PSR ¶ 56), the highest offense level applicable to either grouped offense predominates. *See* U.S.S.G. §3D1.2. The court consequently disregards the lower base offense level of 14 because the Hobbs Act robbery base offense level of 20 is higher. *Id*.

> Count 1 - -    **COMMERCIAL ROBBERY** (18 U.S.C. § 1951)
>
> Count 3 - -    **FELON IN POSSESSION OF A FIREARM** (18 U.S.C. § 922(g)(1))
>
> 56. <u>Application Note 1</u>, at U.S.S.G. § 3D1.2, states that counts are grouped together into a single Group if any one or more of the subsections provide for such grouping. In this case, Counts 1 and 3 are grouped together pursuant to U.S.S.G. § 3D1.2(c), which is applied when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. U.S.S.G. § 3D1.3(a), directs that when counts are grouped together, pursuant to § 3D1.2(a) - (c), the offense level applicable to the Group is the offense level determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group. In this case, § 2B3.1 results in a higher offense level than § 2K2.1 and will therefore be used as the base offense level.

Mr. Foust's original sentence incorporated a three-level reduction in base offense level for acceptance of responsibility. (Dkt. 47, PSR ¶ 68). With a controlling base offense level of 20 on Counts 1 and 3, subtracting three levels results in an adjusted offense level of 17. Applying the adjusted offense level of 17 to the defendant's criminal history category of VI results in a sentencing guideline range of 51-63 months on Count 3.

| 17 | 24–30 | 27–33 | 30–37 | 37–46 | 46–57 | **51–63** |
|---|---|---|---|---|---|---|

In accord with the above analysis, the parties jointly propose that Mr. Foust's sentence should be amended without the ACCA enhancement as follows:

    Count 1- 150 months, consecutive to all other counts;

    Count 2- 84 months, consecutive to all other counts; and

    Count 3- 51 months, consecutive to all other counts.

7

The court concurs with the parties' proposal and agrees that defendant's total controlling sentence should be 285 months. The court therefore sets aside the prior Judgment to the extent that it incorporated the ACCA enhancement as to Count 3 and imposed a sentence of 150 months imprisonment on Count 3 based on that enhancement. (Dkt. 49). The sentence on Count 3 is corrected to a term of 51 months imprisonment to be served consecutive to the terms of imprisonment for Counts 1 and 2.

Correction of the sentence rather than a new hearing followed by a full resentencing is appropriate because the ACCA enhancement on Count 3 reflected only a portion of the defendant's sentence, causing a discrete and consecutive addition to the main sentence generated by Mr. Foust's Hobbs Act robbery conviction. Aside from the removal of that enhancement, the remainder of the sentencing package remains intact. *See United States v. Brown*, 879 F.3d 1231, 1236 (correction of an illegal sentence does not require a resentencing hearing so long as the modification does not make the sentence more onerous). *See also United States v. Hernandez*, 735 F. Appx. 998, 1000–02 (11th Cir. 2018); *Alls v. United States*, 2016 WL 1109002, at *3-4 (M.D. Fla. March 8, 2016) (no hearing required where court modified sentence rather than vacating it in its entirety).

Defendant's § 2255 petition (Dkt. 53) is therefore GRANTED in part and DENIED in part as set forth above. Defendant's sentence shall be modified as follows:

Count 1 – 150 months, consecutive to all other counts;

Count 2 – 84 months, consecutive to all other counts; and

Count 3 – 51 months, consecutive to all other counts;

for a total controlling sentence of 285 months.

IT IS SO ORDERED.

Dated this 20th day of August, 2019.

/s/J. Thomas Marten
The Honorable J. Thomas Marten
United States District Court